**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew D. Harding and Abigail E. Harding, ) ) ) | No. CV-11-2063-PHX-GMS |
| Plaintiffs, ) ) | **ORDER** |
| vs. ) ) ) | |
| U.S. Bank, NA, ) ) | |
| Defendant. ) ) ) | |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 21). For the reasons stated below, Defendant's motion is granted in part and denied in part.[1]

**BACKGROUND**

Plaintiffs Matthew and Abigail Harding, husband and wife, filed their initial complaint in this action in Maricopa County Superior Court on September 23, 2011. (Doc. 1-1). They are not represented by counsel. On October 21, 2011, the action was removed to this Court. (Doc. 1). On October 28, 2011, Defendant U.S. Bank, NA, moved to dismiss Plaintiffs complaint for failure to state a claim. (Doc. 4). In response to Defendant's motion to dismiss,

---

[1] Defendant's request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

1 Plaintiffs requested, and were granted, leave to amend their complaint. (Docs. 16, 17).

2 As best the Court can tell from Plaintiffs' amended complaint and from the loan
3 documents, on January 6, 2009 Plaintiffs executed a promissory note and a Deed of Trust in
4 connection with their purchase of real property. (Doc. 1-1, Ex. 4; Doc. 17). The original
5 beneficiary on the Deed of Trust was Mortgage Electronic Registry Systems, Inc. ("MERS").
6 (Doc. 1-1, Ex. 4). On February 22, 2011, MERS executed an Assignment of Deed of Trust
7 in which it assigned its interest as beneficiary to Defendant U.S. Bank, N.A. (Doc. 21-1, Ex.
8 2). Defendant has since commenced foreclosure proceedings on Plaintiffs' property.

9 In their amended complaint, Plaintiffs allege that Defendant "has repeatedly
10 misrepresented information given to them throughout the time period of . . . June 13th, 2010
11 until . . . September 22, 2011." (Doc. 17 at 20). First, Plaintiffs allege that on June 13, 2010,
12 upon contacting U.S. Bank regarding a possible loan modification or forbearance, "a
13 representative of US Bank informed the Plaintiff that there were no programs available to
14 individuals on unemployment and that US Bank would not be able to offer any kind of
15 assistance unless the Plaintiffs went behind in their mortgage payments by three months."
16 (Doc. 17 at 2–3). Plaintiffs allege that this statement contradicts "[t]he rules that US Bank
17 have [sic] in place [which] state that an individual can be on unemployment forbearance if
18 they are receiving unemployment benefits and their loan is currently not in default." (*Id.* at
19 3). Plaintiffs contend that had they obtained the unemployment forbearance "it would have
20 given them enough time to ensure there was no default on the loan and therefore the
21 foreclosure proceedings would not have begun." (Doc. 17 at 4). Plaintiffs further allege that
22 on September 9, 2011, after Defendant had initiated foreclosure proceedings, they were told
23 by Defendant that they could "attempt [ ] a Pre-Foreclosure Sale" of their property. (Doc. 17
24 at 5). Plaintiffs state, however, that Defendant later "declined the ability to [conduct] a Pre-
25 Foreclosure Sale." (Doc. 17 at 5).

26 In their amended complaint, Plaintiffs bring four counts against Defendant: 1)
27 Challenging Legality of Trustee Sale; 2) Misrepresentation and Fraud; 3) Securitization and
28 Fraud; 4) Unlawful Foreclosure. (Doc. 17). Defendant now moves to dismiss Plaintiffs'

- 2 -

1  amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state
2  a claim. (Doc. 21).

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

Claims that contain elements of fraud carry a higher standard of pleading under the Federal Rules of Civil Procedure: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Under this rule, a plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotations omitted).

Because Plaintiffs are not represented by counsel, their pleadings must be construed liberally. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) ("[P]ro se pleadings are liberally construed.").

## II. Legal Analysis

### A. Counts 1, 2, and 4 – Fraudulent Misrepresentation

As Plaintiffs concede in their Response to Defendant's motion, their first, second, and fourth counts—Challenging Legality of Trustee Sale, Misrepresentation and Fraud, and Unlawful Foreclosure—are in essence a single claim for common-law fraudulent misrepresentation. (Doc. 24 at 3, 9) (stating that the trustee sale and unlawful foreclosure counts are dependent on the amended complaint's "big issue," namely whether Defendant "wrongfully foreclose[d] on the Plaintiffs by committing fraud and misrepresentation"). In their amended complaint, Plaintiffs cite 31 U.S.C. § 3801 as a legal basis for their fraud allegations. As Plaintiffs concede in their Response to Defendant's motion, this citation is misplaced; Section 3801 applies only to transactions involving a governmental entity. (Doc. 24 at 3) ("The Plaintiffs willingly admit that the wrong statute was submitted and the correct claim is that of common law fraud."). Construing their amended complaint liberally, however, as the Court must, they have stated a claim for *common law* fraudulent misrepresentation.[2]

To show common law fraud, Plaintiffs must establish nine elements:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the information should be acted upon by the hearer and in a manner reasonably contemplated, (6) the hearer's ignorance of the information's falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury.

*Taeger v. Catholic Family & Cmty. Services*, 196 Ariz. 285, 294, 995 P.2d 721, 730 (Ct. App. 1999). In its Response, Defendant contends that Plaintiffs have "not pled facts

---

[2] Some of the facts in Plaintiffs' complaint also sound in negligence. But Plaintiffs have not brought a claim for negligent misrepresentation.

- 4 -

1 illustrating that any statement by U.S. Bank would be material, meaning that there would
2 have [been] a different outcome." (Doc. 21 at 9). Defendant also contends that Plaintiffs have
3 failed to plead facts showing that they were injured by the alleged misrepresentations.
4 Plaintiffs, however, have pled that they were rendered ineligible for an "unemployment
5 forbearance" because they were fraudulently instructed by U.S. Bank to go into default.
6 (Doc. 17 at 3). Plaintiffs further allege that due to their default and resultant ineligibility for
7 unemployment forbearance, Defendant initiated foreclosure proceedings against them. (*Id.*).
8 Plaintiffs have therefore adequately pled that Defendant's alleged misrepresentations were
9 material and resulted in injury.[3]

Defendant also argues that Plaintiffs' allegations as to the falsity of Defendant's representations are "conclusory." (Doc. 28 at 7). To the contrary, Plaintiffs allege that on June 13, 2010, "a representative of US Bank informed [them] that there were no programs available to individuals on unemployment and that US Bank would not be able to offer any kind of assistance unless the Plaintiffs went behind in their mortgage payments by three months." (Doc. 17 at 2–3). Plaintiffs further allege that this statement contradicts Defendant's actual policy, which is that one is eligible for unemployment forbearance only if "their loan is currently not in default." (*Id.* at 3). Plaintiffs have therefore adequately pled falsity. Defendant does not provide particular argument in regards to any of the remaining six elements of fraudulent misrepresentation. Construing Plaintiffs' amended complaint liberally, they have adequately alleged facts which make the presence of these remaining elements plausible. Accordingly, the Court will not dismiss the fraudulent misrepresentation claim.

### B. Count 3 – Securitization Fraud

Although Plaintiffs admit that they do not know if their loan was securitized, they bring a claim against Defendant for securitization fraud, stating that due to securitization

---

[3] To be sure, as noted by Defendant, at trial Plaintiffs would need to provide evidence supporting their allegations that "but for the statements of U.S. Bank they would have been able to proceed through some process to modify their loan, keep up with the modified terms, and ultimately avoid foreclosure." (Doc. 21 at 8–9).

- 5 -

1  "Defendant did not have the authority nor the economic motivation to assist the Plaintiff" in
2  negotiating a loan modification. (Doc. 17 at 6). Plaintiffs have failed, however, to allege facts
3  which make it plausible that securitization "had any impact on [their] obligations under the
4  loan, and district courts in Arizona have rejected similar arguments." *Henkels v. J.P. Morgan*
5  *Chase*, 2011 WL 2357874, at *7 (D. Ariz. June 14, 2011). *See also Johnson v. Homecomings*
6  *Financial*, 2011 WL 4373975, at *7 (S.D. Cal. Sep. 20, 2011) (refusing to recognize the
7  "discredited theory" that a deed of trust "'split' from the note through securitization,
8  render[s] the note unenforceable"). Accordingly, Plaintiffs' securitization claim will be
9  dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, Plaintiffs have stated a claim for fraudulent misrepresentation in count three. They have failed to state a claim for securitization fraud. Counts one, two, and four are dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 21) is **granted in part and denied in part**.

DATED this 6th day of September, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge

- 6 -